NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC, formerly known as SUPER 8 MOTELS, INC. a South Dakota Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>SAYONA, INC., an Iowa Corporation; INDU PATEL, an individual; and MANOJ PATEL, an individual,<br><br>*Defendants*. | Civil Action No. 17-00577<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I.  INTRODUCTION

This matter comes before the Court on Plaintiff Super 8 Worldwide, Inc.'s ("SWI" or "Plaintiff") unopposed motion for default judgment against Defendants Sayona, Inc. ("Sayona") and Indu Patel ("I. Patel") (collectively "Defendants")[1] under Fed. R. Civ. P. 55(b). D.E. 10. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is granted.

---

[1] Plaintiff does not bring this motion for default judgment against Defendant Manoj Patel, who was previously dismissed from this matter without prejudice. D.E. 9.

## II. FACTS[2] AND PROCEDURAL HISTORY

On or about November 9, 2006, SWI entered into a franchise agreement (the "Agreement") with Sayona for the operation of a sixty-room Super 8® guest lodging facility (the "Facility") located in Urbandale, Iowa. Complaint ("Compl.") ¶ 9 (D.E. 1). The Agreement obligated Sayona to operate the Facility for a twenty-year term and required Sayona to make certain payments to SWI "for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees," which the Agreement collectively referred to as "Recurring Fees." *Id.* ¶¶ 10-11. According to the Agreement, Sayona owed interest to SWI on any past due amount at a rate of 1.5% per month or the maximum amount permitted by the applicable law, whichever is less, accruing from the due date until the amount is paid. *Id.* ¶ 12.

Upon notice to Sayona, SWI was permitted to terminate the Agreement if Sayona (a) discontinued operating the Facility as a Super 8® guest-lodging establishment, and/or (b) lost possession or the right to possession of the Facility. *Id.* ¶ 15. The Agreement also provided that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce th[e] Agreement or collect amounts owed under th[e] Agreement." *Id.* ¶ 16.

Effective the same day as the Agreement, Defendant I. Patel signed a guaranty (the "Guaranty") agreeing, among other things, that in the event of a default by Sayona under the Agreement, he would "immediately make each payment and perform or cause [Sayona] to perform, each unpaid or underperformed obligation of [Sayona] under the Agreement." *Id.* ¶ 18. The Guaranty also provided that I. Patel would pay all costs, including reasonable attorneys' fees,

---

[2] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

2

incurred by SWI in enforcing its rights or remedies under the Guaranty and the Agreement. *Id.* ¶ 19.

On or around June 24, 2016, Sayona lost possession of the Facility to a third party. *Id.* at ¶ 20. By letter dated August 11, 2016, SWI acknowledged Sayona's unilateral termination of the Agreement, effective June 24, 2016, and advised Sayona that it was required to pay SWI all outstanding Recurring Fees through the date of the termination. *Id.* ¶ 21.

SWI filed a four-count Complaint against Defendants seeking payment of certain Recurring Fees owed pursuant to the terms of the Agreement and the Guaranty. After being served with the Complaint, Defendants failed to answer, move, or otherwise respond. Default was then entered against Defendants, and SWI subsequently filed this motion for default judgment. D.E. 10.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

#### i. Subject Matter Jurisdiction

To establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy that exceeds the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, Plaintiff is a South Dakota corporation with its principal place of business in New Jersey. Compl. ¶ 1. The Complaint indicates that Sayona is an Iowa corporation with its principal place of business in Iowa and that

4

I. Patel is an Iowa citizen. *Id.* ¶¶ 2-3. Damages are alleged in excess of $75,000. *Id.* ¶¶ 5, 28, 32, 37. Accordingly, the Court has diversity jurisdiction because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

### ii. Personal Jurisdiction

"The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai*, No. 11–5185, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 469 (D.N.J. 1998) (opining that personal jurisdiction can be established solely through a forum selection clause in place of a due process analysis). In this instance, Defendants consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey." Compl. ¶ 6. The Court sees no reason why this freely agreed-upon consent to personal jurisdiction in New Jersey should not be enforced. Therefore, the Court has personal jurisdiction over Defendants.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)). Sayona, a corporation, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

process." Fed. R. Civ. P. 4(h)(1)(B). I. Patel, an individual, may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *Id.* 4(e)(2)(B).

Here, I. Patel and Sayona were properly served. SWI's process server left a copy of the Complaint and Summons addressed to I. Patel and Sayona with M. Patel at her home. M. Patel is alleged to reside in the same dwelling as I. Patel and is also the managing agent of Sayona. D.E. 5 at 1-4. Therefore, she could properly accept service on behalf of both Sayona and I. Patel.

### C. Sufficiency of Causes of Action and Damages

SWI alleges four causes of action sounding in breach of contract, seeking damages for the Recurring Fees and interest.[3] Compl. at ¶¶ 22-37. "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

Here, Plaintiff adequately pleaded the elements of breach of contract. Plaintiff pleaded (1) the existence of a valid contract and guaranty between Plaintiff and Defendants, (2) that Defendants breached the Agreement and the Guaranty by losing possession of the Facility, and (3) that Plaintiff was harmed by Defendants' breach through nonpayment of the Recurring Fees. Plaintiff also adequately pled that it was in compliance with the Agreement.

Moreover, Plaintiff sufficiently submitted proof of Recurring Fee damages through an affidavit and exhibits demonstrating that $85,431.57 is owed. D.E. 10-3 ¶ 16 & Ex. D; *see Moroccanoil*, 2015 WL 6673839, at *2 ("Although the facts pled in the Complaint are accepted as

---

[3] The Complaint also seeks damages for "attorneys' fees and costs of suit," however, it does not appear that Plaintiff seeks those amounts in its motion for default judgment. *See* Compl. ¶¶ 16-24; D.E. 10-1.

true for the purpose of determining liability, the plaintiff must prove damages."). The Recurring Fees are made up of certain charges that were due pursuant to section 7.3 of the Agreement, which have been itemized and submitted (inclusive of interest) in support of Plaintiff's motion. *Id.*

Accordingly, Plaintiff sufficiently alleged a cause of action for breach of contract establishing Defendants' liability and damages owed for purposes of this default judgment motion.

### D. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendants have not responded in this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. Sayona lost possession of the Facility in contravention of the Agreement's terms. Second, Plaintiff has been prejudiced by Defendants' failure to answer. Without a default judgment, "Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendants' failure to answer, without providing any reasonable explanation, demonstrates their culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate Order accompanies this Opinion.

Dated: August 22, 2017.

John Michael Vazquez, U.S.D.J.